[No. 13152-8-II.   Division Two.   February 22, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. ALVIN WITHERSPOON, *Appellant*.

*Steven E. Tilson*, for appellant (appointed counsel for appeal).

*David H. Bruneau, Prosecuting Attorney*, and *Deborah S. Kelly, Deputy*, for respondent.

ALEXANDER, J.—Alvin Witherspoon appeals his juvenile court conviction on a charge of conspiracy to commit first degree robbery. His principal contention on appeal is that the trial court erred in failing to enter findings of fact and conclusions of law in support of its determination of guilt. We reverse the conviction and order dismissal of the charge.

Witherspoon was charged in Clallam County Juvenile Court with the crime of conspiracy to commit first degree robbery. He pleaded not guilty and the matter proceeded to trial. At trial, the State sought to show that Witherspoon had agreed to join with some companions in an effort to rob a pizza deliveryman. As a step toward the robbery, a pizza restaurant was called on the telephone and asked to deliver a pizza to an address where the robbery was to take place. The robbery was never carried out. Three of Witherspoon's companions testified at trial that Witherspoon did not participate in any of the discussions about the robbery. One companion, Dan Kimble, indicated that Witherspoon had agreed with the others to commit the robbery.

The trial court found Witherspoon guilty, and on April 17, 1989, it sentenced him to serve a sentence of 103 to 127 weeks in confinement. It did not, however, enter findings and conclusions in support of the judgment. Furthermore, the State has never submitted proposed findings to the juvenile court following Witherspoon's filing of a notice of appeal to this court. The sentence has not been stayed pending appeal.

Witherspoon makes several assignments of error. We need only discuss his contention that the trial court erred in failing to enter findings and conclusions because it is dispositive of this appeal. Witherspoon argues that the juvenile court erred by not complying with JuCR 7.11(d). That rule provides, as follows:

**Written Findings and Conclusions on Appeal.** The court *shall* enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution *must* submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

(Italics ours.)

The State concedes that there has been a failure to comply with this rule, but it suggests that noncompliance with the rule should not result in reversal. Witherspoon, on the

other hand, contends that he was prejudiced by the rule violation and that reversal is, therefore, compelled.

JuCR 7.11(d) is crystal clear. A juvenile court judge must enter written findings and conclusions in any case that is appealed. This rule expands somewhat on JuCR 7.11(c), which, prior to 1987, was the only juvenile court rule that addressed the necessity for entering findings and conclusions following an adjudicatory hearing in juvenile court. JuCR 7.11(c) provides:

> **(c) Decision on the Record.** The juvenile shall be found guilty or not guilty. The court shall state its findings of fact and enter its decision on the record. The findings shall include the evidence relied upon by the court in reaching its decision.

Section (d) of JuCR 7.11 was adopted after the decision in *State v. Commodore*, 38 Wn. App. 244, 684 P.2d 1364, *review denied*, 103 Wn.2d 1005 (1984). In that case, Division One of this court held that written findings and conclusions are required to be entered in any case that is appealed.[1] It "suggest[ed] that the prosecutor's office prepare the documents only after receipt of the notice of appeal, and then within 30 days." *Commodore*, at 250. JuCR 7.11(d) is generally consistent with *Commodore*, except that it provides that the findings must be submitted within 21 days after receipt of the notice of appeal.[2]

In view of the specific language of the rule and the prior case law, we cannot ignore the absence of findings and conclusions. We are not confronted here with a mere late entry of findings, but rather, complete noncompliance with the rule. In that regard, it is noteworthy and perplexing that findings have never been submitted to the juvenile

---

[1]Division One specifically overruled its decision in *State v. Brown*, 30 Wn. App. 344, 633 P.2d 1351 (1981), in which it had held that written findings are not necessary in juvenile cases because the court's oral statements and findings are part of the record.

[2]The comments of the drafters of JuCR 7.11(d) indicate that the Superior Court Judges' Association recommended that rule 7.11 should be amended to reflect the requirements stated in the *Commodore* case. 4A L. Orland & K. Tegland, Wash. Prac. *Rules Practice* § 7241, p. 487 (4th ed. 1990).

court by the prosecutor, even though more than a year has elapsed since Witherspoon filed his notice of appeal.

The State suggests that we could treat the juvenile court's oral opinion as findings and conclusions. We are not inclined to do so. Although the judge did discuss some of the evidence in his oral opinion, it is not complete. Furthermore, it does not satisfy the rule that requires "written" findings.

In view of the total noncompliance with JuCR 7.11(d), we conclude that we must reverse and dismiss rather than remand. We recognize that in some cases remand might be an appropriate remedy. Here, however, the defendant will suffer obvious prejudice by remand.[3] We reach that conclusion for two reasons. First, the practice of permitting findings to be entered after the appellant has framed the issues in his brief has an appearance of unfairness. *State v. McGary,* 37 Wn. App. 856, 683 P.2d 1125 (1984). Second, and perhaps more important, Witherspoon has been in custody since his notice of appeal was filed on May 16, 1989. If we were merely to remand for entry of findings, Witherspoon must be afforded an opportunity to assign error to the written findings after they are entered. This may necessitate supplementation of the briefs and the record. This court would then be required to revisit the case in order to address all of the assignments of error. This process would obviously take some time. If, upon its completion, we were to rule in Witherspoon's favor, we could not afford him the same relief we can now, because he is continuing to serve the term of confinement. This is real prejudice and it is not due to any fault of Witherspoon or his counsel. In our judgment, the only just result is to reverse and order dismissal of the charge.

---

[3]In *State v. Royster,* 43 Wn. App. 613, 719 P.2d 149 (1986), Division One indicated that the late filing of findings would not result in reversal absent a showing of prejudice.

573

Reversed and dismissed with prejudice.

WORSWICK, C.J., and MORGAN, J., concur.