[No. 25092-2-I.   Division One.   September 9, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. MONTE C. CHARLIE, *Appellant*.

*Elaine Winters of Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Mary C. Summers, Deputy,* for respondent.

WEBSTER, J. — Monte Charlie, a juvenile, appeals his conviction of indecent liberties. He claims that reversal is justified since findings of fact and conclusions of law were not entered until after he had filed his appellate brief in this case.

FACTS

In March of 1988, T.J., age 5, alleged that she was sexually abused by Charlie. In August of 1988, Charlie was charged with indecent liberties under RCW 9A.44-.100. Trial was had before a commissioner of the juvenile court. T.J. testified at trial that she had sexual intercourse with Charlie. Charlie testified that there had been no sexual intercourse and that on the night in question he had only kissed T.J. on the cheek. A physician, who examined T.J. after the alleged incident, testified that her examination revealed "penetration". The physician further testified that in her opinion, the results of her examination were consistent with T.J.'s statements about abuse by Charlie and that she personally believed T.J.'s story that Charlie had sexually abused her.

Charlie was found guilty by the juvenile court commissioner. Charlie moved for revision of the commissioner's ruling under RCW 2.24.050, arguing that the commissioner improperly relied upon the physician's testimony that she "believed" T.J. On September 28, 1989, a superior

court judge, finding the physician's testimony to be improper, sent the case back to the juvenile court commissioner to make a specific finding of fact "regarding the reliance . . . , if any, on the [improper] testimony".[1] On remand, the juvenile court commissioner found that his initial finding of guilt would have been the same regardless of the reliance upon the improper testimony. Neither the juvenile court commissioner nor the superior court judge entered written findings of fact or conclusions of law.

On October 19, 1989, Charlie appealed to this court. After submission of his brief, a commissioner of this court ordered the juvenile court to submit findings and conclusions and ruled that Charlie could submit an amended or supplemental brief. Charlie failed to do so. Findings and conclusions were finally entered on June 29, 1990.

## DISCUSSION

We first decide whether the juvenile court commissioner erred by failing to enter written findings and conclusions prior to the revision process. JuCR 7.11(c) states:

> **Decision on the Record.** The juvenile shall be found guilty or not guilty. *The court shall state its findings of fact and enter its decision on the record.* The findings shall include the evidence relied upon by the court in reaching its decision.

(Italics ours.) Our courts have held that "JuCR 7.11(c) . . . impose[s] a requirement that cannot be ignored." *State v. Fellers,* 37 Wn. App. 613, 616, 683 P.2d 209 (1984); *see State v. Commodore,* 38 Wn. App. 244, 684 P.2d 1364, *review denied,* 103 Wn.2d 1005 (1984). RCW 2.24.050 states:

> All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior

---

[1]The superior court judge stated: "I have reviewed the record and the law and I am sending the case back to the Court Commissioner for him to make a specific Finding of Fact regarding the reliance that he made, if any, on the testimony of Dr. Gibson concerning the truthfulness of the victim. As I have indicated in the attached pages, that testimony was improper, but the rest of the evidence was so strong that I am not willing to reverse on the merits."

court. . . . *Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner . . ..*

(Italics ours.) Here, there were no written findings and conclusions from the juvenile court commissioner upon which to base the revision as required by the statute.

■ We hold that JuCR 7.11(c), in conjunction with RCW 2.24.050, requires that the juvenile court commissioner enter written findings and conclusions in cases which are appealed through the process of revision. However, recognizing the burden such a rule could create if applied to all juvenile court cases, our holding only applies to those cases which are actually appealed through the revision process. *See Commodore*, at 250.

■ We also hold that under the facts of this case the Superior Court erred by remanding the case back to the juvenile court commissioner. "[T]he superior court's review of a court commissioner's findings and order is de novo on the record." *In re Smith*, 8 Wn. App. 285, 288, 505 P.2d 1295 (1973). This requires that the superior court "determine[] its own facts based upon the record made before the commissioner, and/or conduct[] such further proceedings as in its discretion [are] deemed necessary to resolve the matter." *Smith*, at 288-89. Furthermore, our courts have held that

the superior courts, in reviewing decisions of court commissioners pursuant to RCW 2.24.050, should enter their own findings of fact and conclusions of law into the record.

*In re Estate of Larson*, 103 Wn.2d 517, 520 n.1, 694 P.2d 1051 (1985).

Here, the superior court judge not only failed to resolve the matter and enter findings and conclusions as required by a de novo review, but remanded the case back to the juvenile court commissioner. This procedure was in error.

We also note the noncompliance with JuCR 7.11(d). That rule states:

**Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

Here, the notice of appeal was filed on October 19, 1989, but the findings and conclusions were not entered until June 29, 1990. This is well beyond the 21-day limit of the rule and almost 2 years after the initial determination of guilt. Furthermore, when findings and conclusions were ultimately entered they came from the juvenile court commissioner and not the superior court judge.

We recognize that normally, to justify reversal, it must be shown that the absence or tardiness of findings and conclusions prejudiced the appellant. *State v. Witherspoon*, 60 Wn. App. 569, 572, 805 P.2d 248 (1991); *State v. Bennett*, 62 Wn. App. 702, 814 P.2d 1171 (1991); *State v. Royster*, 43 Wn. App. 613, 719 P.2d 149 (1986). This same requirement presumably applies to the absence or tardiness of findings and conclusions when a party moves for revision of a juvenile court commissioner's ruling. Here, since Charlie could have submitted a supplemental brief with this court after the findings and conclusions were entered but failed to do so, no such prejudice can be established. Nevertheless, under the facts of this case, the errors committed throughout the process, and the appearance of unfairness in entering findings after the appellant has framed the issues in his brief, we are compelled to reverse.

The judgment is reversed.

GROSSE, C.J., and FORREST, J., concur.