[No. 10598-9-III.  Division Three.  May 19, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. MARCO PENA, *Appellant.*

*Steven N. Vlcko* and *Cowan, Walker, Johnson, Moore, Nickola & Heye,* for appellant.

*Andrew K. Miller, Prosecuting Attorney,* and *Kathleen L. Moreno, Deputy,* for respondent.

SHIELDS, C.J. — Marco Pena appeals his juvenile conviction for fourth degree assault. We reverse and dismiss because the State failed to file appropriate findings of ultimate fact as to each element of the crime.

The juvenile court commissioner found Mr. Pena guilty after a trial on January 2, 19, and 23, 1990. No written findings and conclusions were entered at that time. An order of disposition was entered on January 23, 1990, ordering Mr. Pena to perform 8 hours of community service, with credit for time served, reducing the community service requirement to 0 hours.

Mr. Pena filed a notice of appeal on January 30, 1990. This court received Mr. Pena's opening brief on June 29, 1990. On January 25, 1991, this court remanded the case for entry of

findings of fact and conclusions of law, and gave the parties permission to revise their briefs. A document entitled Hearing, Findings, and Verdict on Information was entered in the Benton County Superior Court on March 20, 1991.

Mr. Pena submitted a supplemental memorandum of authorities on April 24, 1991. The State's response brief addressed the question of sufficiency of evidence, which Mr. Pena raised in his original brief, as well as additional issues related to the timeliness and sufficiency of the findings and conclusions.

We do not address the substantive issue Mr. Pena raises. We focus instead on the serious procedural errors committed by the State in perfecting this appeal.

JuCR 7.11(d) provides:

> **Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

This rule raises two questions here. The first is the consequence of the State's failure to submit adequate findings until more than 13 months after Mr. Pena filed his notice of appeal and more than 8 months after Mr. Pena filed his brief. The second is the adequacy of the findings and conclusions entered on March 20, 1991, after remand from this court.

Three recent cases address the first question. In *State v. Witherspoon*, 60 Wn. App. 569, 571-72, 805 P.2d 248 (1991), the prosecution failed to submit any written findings, even though more than a year had passed since entry of the juvenile's notice of appeal. The court reversed and dismissed, rather than remanding for entry of findings, for two reasons: (1) it is unfair to permit the State to submit findings after the juvenile has framed the issues on appeal; and (2) because the juvenile was in custody, the delay caused by a remand would preclude any meaningful relief if his conviction were reversed, resulting in real prejudice. *Witherspoon*, at 572.

In *State v. Bennett*, 62 Wn. App. 702, 710, 814 P.2d 1171 (1991), *review denied*, 118 Wn.2d 1017 (1992), adequate findings were submitted, pursuant to an order compelling their presentation, 152 days after the juvenile's notice of appeal was filed. The court concluded the juvenile had suffered no prejudice.[1] Because he would have fully served his term of confinement even if the findings had been timely filed, his liberty interest was not altered by the delay. *Bennett*, at 711. Affirming the judgment, the court referred the question of sanctions to its court commissioners. *Bennett*, at 712.

In *State v. Charlie*, 62 Wn. App. 729, 815 P.2d 819 (1991), on order from an appellate commissioner, findings were submitted more than 8 months later. The appellate commissioner permitted the juvenile to submit a supplemental brief, but he failed to do so. *Charlie*, at 731. Although no prejudice was shown, the court nevertheless reversed the conviction on the basis of "the errors committed throughout the process,[2] and the appearance of unfairness in entering findings after the appellant has framed the issues in his brief . . .". *Charlie*, at 733.

■ Those three cases and this one suggest a common prosecutorial fault: failure to file findings of fact and conclusions of law within 21 days after receiving a juvenile appellant's notice of appeal. All three of the cited cases entail unjustifiable delays in case finality. *Witherspoon* involved a determination of prejudice, *Bennett* required a show cause hearing to determine sanctions, and *Charlie* involved multiple procedural errors and the appearance of unfairness. The result is development of an uncertain case-by-case remedial approach to violation of a clearly stated rule. Hereafter, a failure to file findings of ultimate facts as to each element of the crime 21 days after receiving a juvenile appellant's notice of appeal will subject the State to

---

[1]*See State v. Royster*, 43 Wn. App. 613, 719 P.2d 149 (1986).

[2]The defendant in *Charlie* had sought revision of a commissioner's decision which did not contain written findings and conclusions. Rather than hearing the matter de novo on the record, the Superior Court remanded for a specific finding " 'regarding the reliance . . ., if any, on the [improper] testimony' " of a physician expressing an opinion on the credibility of the complaining witness. *Charlie*, at 731.

a motion to reverse on the merits and dismissal of the case. RAP 18.14(e)(2). No longer will we remand the case to remedy the defect.

Since we did remand here, we address the second question: adequacy of the findings.

Adequate written findings are essential to "permit meaningful appellate review." *State v. Fellers*, 37 Wn. App. 613, 616, 683 P.2d 209 (1984). The purpose of written findings is to allow the reviewing court to determine the basis on which the case was decided, and to review the issues raised on appeal. *In re Woods*, 20 Wn. App. 515, 516, 581 P.2d 587 (1978). The findings must state the *ultimate* facts related to each element of the crime. JuCR 7.11(d); *see Woods*, at 516.

In this case, the State submitted, and the commissioner approved, a document entitled Hearing, Findings, and Verdict on Information. The findings portion of this document is primarily a recitation of the evidence presented at trial. These are operative, not ultimate, facts. The findings simply do not address the issue of lack of consent, a factual question Mr. Pena clearly had made an issue at trial,[3] and one of the ultimate factual questions at issue on appeal. The findings do not satisfy the requirements of JuCR 7.11(d).

We are not persuaded by the reasoning of *State v. Souza*, 60 Wn. App. 534, 541, 805 P.2d 237, *review denied*, 116 Wn.2d 1026 (1991), which holds that remand for entry of adequate findings is appropriate if there is sufficient evidence on the record to support the omitted finding. We instead subscribe to the reasoning of the *Souza* dissent. The "trial error" was that the trier of facts failed to find the facts necessary for conviction. *Souza*, at 545 (Forrest, J., dissenting). Under those circumstances, the dissent rationally observes:

> But how is the appellate court to know when a failure to find is an oversight, and when it accurately represents the judge's view

---

[3]Defense counsel addressed this question in his opening statement, and an early objection by the prosecutor recognized that consent of the alleged victim's mother was an issue. In closing argument, both the prosecutor and defense counsel addressed the question of consent. The commissioner's oral ruling touched briefly on the issue. There is no merit to the State's argument that Mr. Pena failed to raise this issue at trial.

of the evidence at the time of decision? The entry of findings and conclusions is a considered and formal judicial act vastly different from the informal oral opinion judges give at the end of a case. The prosecutor, who normally prepares the findings, has time to do a thoughtful job, and the court has time to consider whether these are the findings it indeed wishes to make. Under such circumstances, it is inappropriate for the appellate court to assume that some mere "trial error" has occurred, where such assumption, if wrong, will result in a double jeopardy. We should not adopt a rule that allows an appellate court to go behind the findings to speculate on the reason for the absence of a finding as to an element of the crime.

There is no more reason to remand to let a prosecutor urge a judge to make a finding he did not make than it would be to allow a defendant to urge the judge to delete a finding he did make. A judge's failure to find an element is more significant than a prosecutor's failure to charge an element; yet the latter mandates reversal.

*Souza*, at 546 (Forrest, J., dissenting). The *Souza* dissent is consistent with *Fellers*, in which a failure to comply with JuCR 7.11(c) resulted in a reversal and dismissal. *Fellers*, at 616, noted: "Although this court can read the testimony, it cannot weigh the evidence nor enter findings of fact."

The preclusion of effective appellate review by the State's failure to prepare adequate findings warrants reversal and dismissal.

The conviction is reversed, and the case dismissed.

MUNSON and THOMPSON, JJ., concur.