[No. 30775-4-I.   Division One.   August 24, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMUEL R. COWGILL, *Appellant.*

*Soheila Sarrafan* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Raymon E. Thomas, Deputy,* for respondent.

PER CURIAM. — Samuel R. Cowgill appeals from his conviction in King County Superior Court, Juvenile Division. Although his notice of appeal was filed on May 26, 1992, findings of fact and conclusions of law pursuant to JuCR 7.11(d) were not entered until August 6, 1992. JuCR 7.11(d) requires the findings to be entered within 21 days of filing of the notice of appeal.

On July 31, 1992, the court heard its own motion to reverse and dismiss and/or to impose sanctions for the State's failure to timely file findings. Counsel for the State appeared before a commissioner, outlined his efforts to present findings to the trial court and assured the court findings would be entered within the week. The findings were signed on August 6. Counsel for appellant filed a motion to preclude untimely filing of findings and a motion on the merits to reverse for lack of findings, citing *State v. Pena*, 65 Wn. App. 711, 829 P.2d 256 (1992). We deny the motions.

Appellant argues this court should follow the decision of Division Three of this court in *Pena* and reverse in all juvenile cases where findings are not entered within 21 days of the notice of appeal. Appellant misreads the holding in *Pena*. After outlining the long history of cases addressing late findings in juvenile cases and the apparent inability or unwillingness of prosecutors to adhere to the time limits of the juvenile court rules, the *Pena* court held:

> Hereafter, a failure to file findings of ultimate facts as to each element of the crime 21 days after receiving a juvenile appellant's notice of appeal will subject the State to a motion to reverse on the merits and dismissal of the case. RAP 18.14(e)(2). No longer will we remand the case to remedy the defect.

*Pena*, at 714-15. Nowhere in *Pena* does the court suggest that every such motion on the merits will be automatically granted without consideration of the particular facts of the case nor does the *Pena* court suggest the court will prevent the State from filing the findings if they are not filed within the 21-day time period.

■ The *Pena* decision does not purport to rest on constitutional or jurisdictional grounds, but instead arises from the court's inherent power to assure the orderly and efficient exercise of its jurisdiction.[1] *State v. Gilkinson*, 57 Wn. App. 861, 865, 790 P.2d 1247 (1990). This court has adopted its own procedure to assure prompt entry of findings of fact. When this court receives a juvenile's notice of appeal, the clerk's office notifies the State that a court's motion to reverse and dismiss and/or to impose sanctions will be heard on a specified date unless the findings are filed before that date. The State is thus given an opportunity to explain the delay and the appellant given the chance to apprise the court of any particular circumstances of the case. After being fully informed, the court determines whether to reverse and dismiss, impose sanctions and/or accept the tardy findings.[2]

The procedures adopted by this court and the *Pena* court are parallel and directed toward the same goal: compliance with JuCR 7.11(d) and elimination of the egregious delays which have plagued the juvenile appellate process for years. *See, e.g., State v. Pena, supra* (findings not entered until 13 months after the notice of appeal, 8 months after appellant's brief filed); *State v. Litts*, 64 Wn. App. 831, 827 P.2d 304 (1992) (findings 4 months after notice of appeal and after appellant's brief filed); *State v. Charlie*, 62 Wn. App. 729, 815 P.2d 819 (1991) (findings filed 2 years after notice of appeal); *State v. Bennett*, 62 Wn. App. 702, 814 P.2d 1171 (1991) (findings 152 days after notice of appeal and 47 days past court deadline), *review denied*, 118 Wn.2d 1017 (1992). We decline to adopt a policy limiting the State to filing the findings within 21 days of the notice of appeal or of automatically reversing in every case where the State fails to

---

[1] We reject appellant's unsupported argument that the trial court loses jurisdiction to enter findings 21 days after the notice of appeal is filed.

[2] We also note that in the past 9 months the King County Prosecutor's office has made a sustained effort to assure early entry of juvenile findings of fact.

strictly comply with JuCR 7.11(d). Neither the juvenile's interest in prompt appellate review nor the public's interest in proper enforcement of criminal laws is served by such a policy.

In the case before us, the findings were entered within 10 weeks of the notice of appeal and well before the due date of appellant's brief. Further, appellate counsel for the State appeared before the commissioner and demonstrated a diligent effort to procure entry of findings. Appellant's motions to prevent filing of findings and to reverse are, therefore, denied.

After modification, further reconsideration denied February 9, 1993.