[No. 30657-0-I. Division One. April 26, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT L. TAYLOR, JR., *Appellant*.

*Joseph Zvaleuskas, Dennis L. Burman,* and *Carey & Burman,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Randall Yates, Deputy,* for respondent.

PER CURIAM. — Robert L. Taylor, Jr., appeals an order of disposition entered in juvenile court finding him guilty of minor in possession. On February 3, 1993, the appeal was referred to a panel of this court for accelerated review on the merits pursuant to RAP 18.12. On March 3, 1993, Taylor filed a memorandum entitled "Second Motion for Striking of State Brief, Dismissal, and any other Appropriate Relief". We reverse and dismiss.

I

In the early morning hours of September 3, 1991, a patrol officer was dispatched to investigate a disturbance at a convenience store in Everett. Upon arriving at the store, the police officer witnessed Taylor yelling and shouting at several individuals in a nearby car. The officer smelled beer on Taylor's breath and observed that Taylor's eyes were watery and bloodshot. Taylor was placed under arrest for disorderly conduct and minor in possession and/or consumption of

liquor. He was later charged by information with a violation of RCW 66.44.270 for consuming, acquiring, or having in his possession intoxicating liquor (beer).

A fact-finding hearing was held on April 13, 1992. After considering the testimony presented at the hearing, the juvenile court found Taylor guilty as charged. This appeal followed. One issue is dispositive.

II

Taylor, in the motion filed before this court on March 3, 1993, alleges that the charge against him should be dismissed due to the State's failure to prepare any findings of fact and conclusions of law in the case. Taylor argues that this blatant omission of findings and conclusions requires dismissal. It is undisputed that written findings of fact and conclusions of law have not been timely filed in this case as required by JuCR 7.11(d), which provides:

> **Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

The rule clearly requires (1) that the juvenile court enter formal findings of fact and conclusions of law as to each element of the offense charged, and (2) that the prosecution submit these findings and conclusions within 21 days after receiving the juvenile offender's notice of appeal. The problems associated with implementation of this rule have recently been discussed in *State v. Smith*, 68 Wn. App. 201, 210, 842 P.2d 494 (1992), as follows:

> JuCR 7.11(d) imposes [a] . . . duty on the prosecutor to submit findings of fact and conclusions of law as to the defendant's guilt within 21 days after receipt of the notice of appeal. The appellate courts have been tolerant of failure to comply with the rule and have remanded where a finding on a necessary element of the crime was lacking and have accepted late findings after the filing of appellant's brief where no prejudice has

been established. Whether primarily as a result of this tolerance or not, the fact is that there has been a wholesale failure by prosecuting attorneys to perform this obligation. The result has been an enormous waste of time and energy by defense counsel and by this court in addressing these issues.

(Footnotes omitted.) *See State v. Litts*, 64 Wn. App. 831, 835, 827 P.2d 304 (1992).

 The cases addressing this issue appear to fall into two basic categories: (1) the complete absence of any formal findings and conclusions, and (2) the mere delay in the entry of findings and conclusions during the appellate process. *State v. Bennett*, 62 Wn. App. 702, 710-11, 814 P.2d 1177 (1991), *review denied*, 118 Wn.2d 1017 (1992). In the latter category, a disposition will normally not be reversed absent a showing of prejudice or some form of tailoring of the findings to address the issues raised in the appellant's brief. *State v. Brown*, 68 Wn. App. 480, 485-86, 843 P.2d 1098 (1993); *State v. Litts, supra* at 836-37; *State v. Bennett, supra* at 711. *But see State v. Pena*, 65 Wn. App. 711, 714, 829 P.2d 256 (1992). However, courts are not nearly as reluctant to reverse a disposition when there has been no formal entry of findings and conclusions before or during the appellate process. *See State v. Witherspoon*, 60 Wn. App. 569, 571, 805 P.2d 248 (1991) ("[w]e are not confronted here with a mere late entry of findings . . ."); *State v. Fellers*, 37 Wn. App. 613, 616, 683 P.2d 209 (1984); *State v. Charlie*, 62 Wn. App. 729, 733, 815 P.2d 819 (1991). This difference in treatment is justified because of the direct impact the absence of findings and conclusions has on case finality and the prompt resolution of cases on appeal. Since the purpose in requiring written findings of fact and conclusions of law is to enable an appellate court to review the issues raised on appeal, *State v. McGary*, 37 Wn. App. 856, 861, 683 P.2d 1125, *review denied*, 102 Wn.2d 1024 (1984), the lack of findings and conclusions in a given case necessarily delays the orderly and efficient process of appellate review. *See State v. Cowgill*, 67 Wn. App. 239, 241, 834 P.2d 677 (1992) (juvenile offender has a recognized interest in prompt appellate review).

In this case, the notice of appeal was filed on May 6, 1992. Even though the State was advised by Taylor's attorney on January 14, 1993, that it had not submitted the necessary findings and conclusions (Second Motion for Striking of State Brief, Dismissal, and any other Appropriate Relief, at 3), no findings and conclusions were filed in the case until March 23 or almost a week after the merits of the case were considered by this court on a regularly scheduled judges' motion calendar.[1] We cannot condone such a flagrant violation of JuCR 7.11(d). Nor has the State sustained its burden of demonstrating that it exercised due diligence in attempting to prepare the missing findings and conclusions. Given the recent case law on the subject, the State should now be well aware of the necessity of timely filing formal findings and conclusions in juvenile cases. The State seeks to explain the delayed entry of formal findings: "[d]ue to a lack of communication within the prosecutor's office, counsel currently assigned to this case was not made aware of the need to complete the findings." Considering the efforts made by Taylor's appellate counsel to notify the State of the need for written findings and conclusions, we do not find the excuse to be persuasive. Since our review of Taylor's appeal was for all practical purposes at an end when the findings and conclusions were finally filed by the prosecutor on March 23, we conclude that the disposition should be reversed. *See State v. Cowgill, supra* at 241-42; *State v. Pena, supra.*

In view of our decision, we need not address the remaining assignments of error raised by Taylor on appeal.

The disposition is reversed and the charge against Taylor is dismissed.

---

[1] By letter dated February 3, 1993, the State was notified that the appeal had been referred to a panel of judges for consideration on the next available judges' motion calendar.