[No. 59820-7.   En Banc.   September 16, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. RANDY LEE ROYAL, *Petitioner*.

*Andrew P. Zinner* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Theresa Fricke, Senior Prosecuting Attorney,* and *Kathleen Henry* and *Greg Hubbard, Deputies,* for respondent.

SMITH, J. — Petitioner Randy Lee Royal, a juvenile, seeks review of an order of the Court of Appeals, Division One, denying his motion to modify the ruling of a commissioner of the Court of Appeals granting the court's own motion on the merits affirming his King County Juvenile Court conviction for robbery in the first degree. This court granted review on February 4, 1993. We affirm the Court of Appeals.

### STATEMENT OF FACTS

On September 17, 1990, Judge Dale B. Ramerman, King County Superior Court, sitting in juvenile court, found Petitioner Randy Lee Royal (Petitioner)[1] "guilty" of robbery in the first degree while armed with a deadly weapon, a knife, in violation of RCW 9A.56.190 and RCW 9A.56.200(1)(a). On the following day, the court ordered that Petitioner be committed to the Department of Social and Health Services, Juvenile Division "for a period of 103-129 weeks." Petitioner timely filed a notice of appeal on October 18, 1990.[2]

On July 1, 1991, Petitioner filed his opening brief in the Court of Appeals, Division One. He claimed that the information failed to identify all elements of the crime of robbery in the first degree and that the State had not filed written findings of fact and conclusions of law in the trial court as required under JuCR 7.11(d). He argued that his conviction

---

[1] Petitioner was born on June 26, 1973; see Petition for Review app. B.

[2] Clerk's Papers, at 6-10. The standard range for a "serious offender" under option "A" is 103 to 129 weeks for a youth 17 years of age convicted of this offense with 375+ points. RCW 13.40.0357. The nature of the sentence is not an issue.

for robbery should be reversed and remanded for dismissal under *State v. Witherspoon*.[3]

The information, in a single count, charged that Petitioner Royal had committed the crime of robbery in the first degree in the following manner:[4]

> That the respondent Randy Lee Royal, in King County, Washington, on or about 19 May 1990, did unlawfully take personal property, to-wit: beer, from the person and in the presence of Mushtegeli Suleman, against his will, by the use or threatened use of immediate force, violence and fear of injury to such person or his property and and [sic] in the commission of and in immediate flight therefrom the respondent was armed with a deadly weapon, to-wit: a knife;
>
> Contrary to RCW 9A.56.200(1)(a) and 9A.56.190, and against the peace and dignity of the state of Washington.

On August 12, 1991, the King County Prosecuting Attorney (State) presented findings of facts and conclusions of law to Judge Ramerman, who signed them that day. On August 16, 1991, the State filed the findings of fact and conclusions of law in the Court of Appeals. On December 6, 1991, the State filed its opening brief in the Court of Appeals. It claimed that the information was sufficient to place Petitioner on notice of the charges against him and that the late filing of written findings of fact and conclusions of law had not prejudiced him. It argued that the conviction should be affirmed.[5]

On February 12, 1992, under RAP 18.14(a), the Court of Appeals set a hearing on its own motion to affirm on the merits for April 17, 1992. Both parties waived the hearing. On June 24, 1992, Court of Appeals Commissioner William H. Ellis, Jr., granted the motion on the merits. He concluded that Petitioner's claim on the insufficiency of the information was "clearly" without merit under *State v. Kjorsvik*[6] and *State v. Graham*.[7] The Commissioner also concluded that

---

[3]60 Wn. App. 569, 805 P.2d 248 (1991), a Division Two case.

[4]Clerk's Papers, at 1.

[5]Brief of Respondent.

[6]117 Wn.2d 93, 812 P.2d 86 (1991).

[7]64 Wn. App. 305, 824 P.2d 502 (1992).

Petitioner's claim that his conviction should be vacated for failure by the State to timely file written findings of fact and conclusions of law was also without merit because Petitioner had not shown resultant prejudice under *State v. Bennett*[8] and *State v. Litts*.[9]

On July 27, 1992, Petitioner filed a motion to modify the commissioner's ruling. He argued that dismissal is the proper remedy for the State's failure to timely file written findings of fact and conclusions of law under JuCR 7.11(d), *State v. Witherspoon, supra*, and *State v. Pena*.[10] He did not challenge the commissioner's ruling that his claim on insufficiency of the information was "clearly" without merit. On September 11, 1992, the court denied Petitioner's motion to modify the commissioner's ruling.

On October 12, 1992, Petitioner filed in this court a petition for discretionary review under RAP 13.4(b)(2) and (4). He claims the Court of Appeals erred in denying his motion to modify the commissioner's ruling because the appropriate remedy for late filing of findings of fact and conclusions of law by the State is reversal and remand for dismissal of the charge. On February 4, 1993, this court granted review.

QUESTION PRESENTED

The sole question presented in this case is whether automatic dismissal of charges is the remedy for failure by the State to file written findings of fact and conclusions of law within 21 days of the filing of a notice of appeal in a juvenile case as required by JuCR 7.11(d).

DISCUSSION

In 1987, this court adopted JuCR 7.11(d)[11] which provides:

(d) **Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is

---

[8]62 Wn. App. 702, 711, 814 P.2d 1171 (1991), *review denied*, 118 Wn.2d 1017 (1992).

[9]64 Wn. App. 831, 836-37, 827 P.2d 304 (1992).

[10]65 Wn. App. 711, 829 P.2d 256 (1992).

[11]108 Wn.2d 1134 (effective Sept. 1, 1987).

appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. *The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.*

(Italics ours.)

In this case Petitioner Royal filed a notice of appeal on October 18, 1990. The King County Prosecuting Attorney did not file written findings of fact and conclusions of law until August 16, 1991, almost 10 months after the notice of appeal was filed and over 9 months beyond the 21-day deadline under JuCR 7.11(d).

The rule, JuCR 7.11(d), does not provide a remedy for late filing. Petitioner argues that the intrusion upon his constitutional liberty interest is so great that the remedy should be automatic dismissal of the charges. The State argues that Petitioner must show that extreme prejudice resulted from the late filing before the charges should be dismissed.

According to Petitioner, the problem of late filings by the State is an old one and continues to be widespread in the juvenile justice system. On April 27, 1993, Petitioner filed a motion for this court to take judicial notice of statistics compiled by the King County Clerk. Under ER 201(b)(2), (d) and (f),[12] *United States v. Gordon*[13] and *United States v. Wilson*,[14]

---

[12]ER 201 (Judicial Notice of Adjudicative Facts) provides in part:

"**(b) Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
". . . .

"**(d) When Mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.
". . . .

"**(f) Time of Taking Judicial Notice.** Judicial notice may be taken at any stage of the proceeding.
          "Comment 201
"The rule is the same as Federal Rule 201(a) through (f). . . .
". . . .

"*Section (f)*. . . . it seems beyond dispute that judicial notice may, under appropriate circumstances, be taken by appellate courts."

[13]634 F.2d 639, 642 (1st Cir. 1980).

[14]631 F.2d 118, 119 (9th Cir. 1980).

which interpret Federal Rule of Evidence 201 — the identically worded federal counterpart to ER 201, he argues that this court must take judicial notice of facts which are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" when "requested by a party and supplied with the necessary information."[15]

In this case Petitioner's counsel requested that the King County Clerk generate the statistical data and provide copies of the report to .him and to the King County Prosecuting Attorney. This was done. The State does not dispute the data and does not object to our court's taking judicial notice of it.

We therefore grant Petitioner's judicial notice motion under ER 201. The computerized report lists all cases tried in the King County Juvenile Court in 1992. According to the report, 491 cases were tried and 119 were appealed; the State filed findings of fact and conclusions of law within 21 days of receipt of the notice of appeal in only 8 of those cases. The State did not file findings and conclusions within 21 days of receipt of notice of appeal in 94 of the cases appealed; and the State filed no findings and conclusions in 17 of the cases appealed.

Petitioner cites *State v. Commodore*[16] as the case which "spurred the adoption" of JuCR 7.11(d). The Court of Appeals, Division One, in *Commodore* observed that the rule had been that written findings of fact and conclusions of law were not necessary in juvenile cases because only oral findings and conclusions were required. The court then concluded in somewhat precatory language that:

> [T]he better way . . . to insure efficient and accurate appellate review is to *require written findings and conclusions in those juvenile cases which are appealed.* We are aware of the burden this could create if applied to all cases decided by the heavily burdened juvenile court. Accordingly, *we suggest that the prose-*

---

[15]Supplemental Brief of Petitioner, at 12-13.

[16]38 Wn. App. 244, 684 P.2d 1364, *review denied,* 103 Wn.2d 1005 (1984).

*cutor's office prepare the documents only after receipt of the notice of appeal, and then within 30 days.*[17]

(Italics ours.)

Since adoption of JuCR 7.11(d), the three divisions of the Court of Appeals have announced different and inconsistent remedies for late filings. In fact, Division One has announced two inconsistent remedies. This court has not spoken directly on the issue, although it denied review of a 1991 Division One case — *State v. Bennett.*[18] In *Bennett*, the Court of Appeals, Division One, stated that

> Although the practice of entering late findings and conclusions with no apparent reason is unacceptable, this court has previously held that there must be a showing of prejudice for a reversal of the case based upon *tardiness* of the entry of findings of fact and conclusions of law.[19]

Although *Bennett* was decided after the effective date of JuCR 7.11(d), both cases cited by the court in that case antedate the rule. Also, the facts in *Bennett* are distinguishable from the facts in this case. In *Bennett,* the trial court sentenced the defendant to 21 days' confinement, while in this case Petitioner Royal was sentenced to 103 to 129 weeks of confinement. The Court of Appeals in *Bennett* stated that

> Appellant would have already served his 21-day sentence even if the findings of fact and conclusions of law had been entered in the required time period. . . . This court has previously held that the concept of prejudice in the speedy trial context is concerned with a prisoner's liberty. . . . *Since appellant's liberty interest was not altered by the delayed entry, no prejudice resulted.*[20]

(Italics ours.)

---

[17]*Commodore,* at 249-50.

[18]62 Wn. App. 702, 814 P.2d 1171 (1991), *review denied,* 118 Wn.2d 1017 (1992).

[19]*Bennett,* at 711 (citing *State v. Royster,* 43 Wn. App. 613, 621, 719 P.2d 149 (1986) and *State v. McGary,* 37 Wn. App. 856, 861, 683 P.2d 1125, *review denied,* 102 Wn.2d 1024 (1984)). The court in *McGary* also stated that "[t]he practice of entering findings after the appellant has framed the issues in the opening brief has the appearance of unfairness and burdens the court with motions to supplement the record."

[20]*Bennett,* at 711.

Petitioner argues that in *Bennett* no liberty interest was involved because the sentence was 21 days and the rule required 21 days. In this case, he asserts, his constitutional liberty interest was affected by the State's late filing because it caused delays in processing his appeal while he remained incarcerated. Petitioner also claims that he has an interest in finality which he argues was violated by unnecessary delays in the appellate process caused by failure of the State to timely file findings of fact and conclusions of law as required by JuCR 7.11(d).[21]

Petitioner also argues that late filing by the State prevents appellate counsel from promptly addressing the merits on appeal, requires appellate counsel to file motions to compel production, and wastes the appellate court's limited time by requiring issuance of "reminder" letters, setting hearings and having commissioners issue rulings.[22] To support that claim, Petitioner asks this court to take judicial notice of the certification of Stephen D. Akerman filed on January 29, 1993, in the Court of Appeals, Division One, in *State v. James Henley*, cause 31707-5-I.[23] The State does not dispute the authenticity of the certificate and does not object to this court taking judicial notice of it. We therefore grant Petitioner's judicial notice motion under ER 201.

Stephen D. Akerman was the paralegal responsible for appellate support functions in the Juvenile Division of the King County Prosecuting Attorney's office at the time he certified that he was familiar with the procedures followed by that division to ensure timely entry of findings of fact and conclusions of law. He stated that his office relies upon a "30 day letter" sent by the court to the prosecutor as a "tickler" to initiate their procedures; and that their procedures are

[21]Brief of Appellant, at 5-6.

[22]Supplemental Brief of Petitioner, at 17-18.

[23]Supplemental Brief of Petitioner app. E, second document. *See* ER 201; *United States v. Gordon*, 634 F.2d at 642; *United States v. Wilson*, 631 F.2d at 119.

designed to check and recheck to assure that findings are filed within the 30-day deadline imposed by the court, rather than the 21-day deadline imposed by JuCR 7.11(d).

The State has not directly responded to this claim relating to the Akerman document, but merely argues that the Court of Appeals, Division One, has adopted its own procedures which the King County Prosecuting Attorney prefers over the requirements of JuCR 7.11(d).[24]

Petitioner claims that the procedure followed by the King County Prosecuting Attorney and the Court of Appeals, Division One, violates not only JuCR 7.11(d), but also GR 9(a)(1), (2), (f) and (g). He argues that their actions in fact have changed the substance of JuCR 7.11(d) in violation of GR 9(a)(1), (2), (f) and (g), under which proposed changes to court rules are published for comment before final rule changes are approved by the court and become effective.[25]

Petitioner further argues that the Court of Appeals, Division Three, has adopted in *State v. Pena*[26] the appropriate remedy of dismissal for late filing of findings of fact and conclusions of law. The *Pena* court analyzed three cases which adopted different remedies for late filings, concluding that

> The result is development of an uncertain case-by-case remedial approach to violation of a clearly stated rule. *Hereafter, a failure to file findings of ultimate facts as to each element of the crime 21 days after receiving a juvenile appellant's notice of appeal will subject the State to a motion to reverse on the merits and dismissal of the case.* RAP 18.14(e)(2).[27] No longer will we remand the case to remedy the defect.[28]

(Italics ours.)

---

[24]Supplemental Brief of Respondent, at 6 (quoting *State v. Cowgill*, 67 Wn. App. 239, 241, 834 P.2d 677 (1992)).

[25]Supplemental Brief of Petitioner, at 14-15.

[26]65 Wn. App. 711, 829 P.2d 256 (1992).

[27]RAP 18.14(e)(2) provides for motion to reverse on the merits.

[28]*Pena*, at 714-15.

The State claims that JuCR 7.11(d) is a rule intended merely to streamline appellate proceedings and is not intended to confer a substantive right upon a petitioner.[29] It concludes that, therefore, Petitioner Royal must show that he was extremely prejudiced by the late filing. As authority, it quotes *State v. Cowgill*,[30] a 1992 Division One case. The court in *Cowgill* stated that

> The *Pena* decision does not purport to rest on constitutional or jurisdictional grounds, but instead arises from the court's inherent power to assure the orderly and efficient exercise of its jurisdiction. . . . This court has adopted its own procedure to assure prompt entry of findings of fact. When this court receives a juvenile's notice of appeal, the clerk's office notifies the State that a court's motion to reverse and dismiss and/or to impose sanctions will be heard on a specified date unless the findings are filed before that date. The State is thus given an opportunity to explain the delay and the appellant given the chance to apprise the court of any particular circumstances of the case. After being fully informed, the court determines whether to reverse and dismiss, impose sanctions and/or accept the tardy findings.[31]

The court in *Cowgill* then declined to require the State to file findings of fact and conclusions of law within 21 days and declined to reverse in every case where the State fails to comply with JuCR 7.11(d). It concluded that neither the juvenile's interest in prompt appellate review nor the public's interest in proper law enforcement would be served by such a policy.[32]

We find no inconsistency between *State v. Pena, supra*, in Division Three and *State v. Cowgill, supra*, in Division One. Under *Pena*, "a failure to file findings of ultimate facts as to each element of the crime 21 days after receiving a juvenile appellant's notice of appeal will subject the State to a motion to reverse on the merits and dismissal of the case."[33] This is

---

[29]Supplemental Brief of Respondent, at 3, 7-11.

[30]67 Wn. App. 239, 834 P.2d 677 (1992).

[31]*Cowgill*, at 241.

[32]*Cowgill*, at 241-42.

[33]*Pena*, at 714-15.

not the automatic dismissal urged by Petitioner in this case. Under *Cowgill*, the court "[a]fter being fully informed . . . determines whether to reverse and dismiss, impose sanctions and/or accept the tardy findings."[34]

### SUMMARY AND CONCLUSIONS

The State argues that it should not be held responsible under JuCR 7.11(d), which mandates that the prosecutor submit written findings and conclusions within 21 days of a notice of appeal, because Petitioner has not demonstrated prejudice. Counsel for Petitioner, in oral argument before this court, conceded that Petitioner suffered no prejudice. Indeed even the more than 9-month delay in filing the written findings of fact and conclusions of law, albeit beyond the 21-day period under JuCR 7.11(d), in no manner prejudiced Petitioner. Petitioner's appeal to the Court of Appeals related only to the adequacy of language in the information. Nothing in that appeal was dependent upon written findings of fact and conclusions of law.[35] Petitioner must show that prejudice resulted from the late filing. This he has not done.

We take judicial notice of the computerized report of 1992 juvenile cases submitted by the King County Clerk, and the certification of Stephen D. Akerman, both presented by Petitioner Royal under ER 201. But we nevertheless affirm the Court of Appeals which affirmed the King County Superior Court, Juvenile Division, in its conviction of Petitioner Randy Lee Royal for robbery in the first degree because Petitioner has not shown that he was prejudiced by the delay of more than 9 months in filing written findings of fact and conclusions of law under JuCR 7.11(d).

ANDERSEN, C.J., and DOLLIVER, DURHAM, and GUY, JJ., concur.

---

[34]*Cowgill*, at 241.

[35]See Brief of Appellant (Petitioner here) in Court of Appeals.

JOHNSON, J. (dissenting) — At issue in this case is whether charges will be dismissed automatically as a result of the State's failure to file findings of fact and conclusions of law within 21 days of receiving notice of appeal, as required by JuCR 7.11(d). The majority holds dismissal is not automatic and reads into the rule a requirement that the petitioner must show prejudice from the late filing to receive any remedy. The majority's interpretation ignores the rule's plain language and does not solve the problem presented by this case: the State's continued failure to comply with the rule's mandatory requirements. Although I agree dismissal need not be automatic, I would place the burden on the State rather than the defendant to demonstrate why it has failed to comply once the time period has passed. Unless the State can present a sufficient reason to the court, the defendant should be entitled to relief. Therefore, I dissent.

Both the rules of statutory construction as well as policy rationales support enforcing the time limit set by JuCR 7.11(d). Court rules are interpreted like statutes and are subject to the principles of statutory construction. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). This court has stated repeatedly that if the language of a statute or rule is unambiguous, words must be given their plain, ordinary meaning. *State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991). "We are obliged to give the plain language of a statute its full effect, *even when its results may seem unduly harsh.*" (Italics mine.) *Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993). Just recently, this court gave a bright line reading of another court rule, following the rule's strict plain language. *See State v. Newkirk*, 122 Wn.2d 174, 857 P.2d 1030 (1993); *State v. Hackett*, 122 Wn.2d 165, 857 P.2d 1026 (1993).

Under JuCR 7.11(d), the prosecution must submit written findings of fact and conclusions of law 21 days after receiving a juvenile's notice of appeal. The plain language of the rule could not be more clear. The prosecution *must* submit findings — not can or should — it *must*. Under RAP 1.2(b),

the word "must" is used in place of "should" "to emphasize failure to perform the act in a timely way may *result in more severe than usual sanctions*". (Italics mine.) RAP 1.2(b).

By ignoring this plain language, the majority reaches a result which in effect gives the State an indefinite time period to file its findings. Here, over 302 days passed before the State complied. Yet the majority does nothing because the long delay did not prejudice the defendant. Unfortunately, case-by-case determinations of prejudice will give the State little incentive to meet the 21-day deadline, resulting in continued disregard for the rule. In a significant number of cases, the defendant will not be able to show prejudice, so the rule is rendered meaningless.

Practical reasons also dictate in favor of requiring stricter compliance with the 21-day rule. Delays caused by late filings are a waste of judicial resources. For example, one division of the Court of Appeals sends a series of reminder letters, followed by motions to compel, which cost the court both time and money. Even with these methods, significant delays often persist. Given that many juvenile dispositions are not lengthy, additional delay results in inherent prejudice because juveniles who serve short sentences will not receive any adequate relief on appeal.

The State has conceded at oral argument that compliance with the rule would not be difficult. The State agreed some type of preprinted carbon form could be used, in which the parties fill out the findings and conclusions and obtain the judge's signature on the form prior to departing the courtroom. As one Justice suggested, the form could include boxes to check for jurisdiction and presence of the defendant with counsel, and a space to fill in the findings and conclusions. The findings and conclusions themselves need not be extensive. Findings must include a statement of ultimate facts as to each element of the crime, *State v. Commodore*, 38 Wn. App. 244, 250, 684 P.2d 1364, *review denied*, 103 Wn.2d 1005 (1984), and the elements can be taken from the information where they must be set out. Findings need not include all

the evidence in the record, but "only those which establish the existence or nonexistence of determinative factual matters". *In re LaBelle*, 107 Wn.2d 196, 219, 728 P.2d 138 (1986). As noted at oral argument, the problem of compliance is purely a mechanical one.

Finally, I do not advocate automatic dismissal in these cases. Rather I would place the burden on the State to justify its noncompliance. Since the rule places a duty *on the State* to file findings, the burden should not be placed on the defendant, but on the State, to show why it has not complied. If the State fails to file written findings within the rule's time limit, the defendant should be able to bring a motion to dismiss once the 21 days have elapsed. If the motion does not stir the State into action, or if it still has not complied by time of the hearing on the motion, then the State better have a good reason for noncompliance, or the defendant should be granted relief. Since the State has conceded that complying with the rule would not be difficult, I should think the State would comply for fear of dismissal. This result would not only answer the question presented, but solve the problem as well.

UTTER, BRACHTENBACH, and MADSEN, JJ., concur with JOHNSON, J.

Reconsideration denied November 30, 1993.