# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53765-6-II |
| Respondent, | |
| v. | |
| C.J.H., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J.—C.J.H. appeals her conviction for possession of marijuana 40 grams or less, arguing that the juvenile court erred by not complying with JuCR 7.11(d) because it failed to enter written findings of fact and conclusions of law within 21 days of receiving C.J.H.'s notice of appeal.  The State concedes that the juvenile court erred and suggests that we remand to the juvenile court for entry of written findings of fact and conclusions of law.  However, the juvenile court has now entered written findings of fact and conclusions of law.  Therefore, this case is now moot, and we dismiss the appeal.[1]

## FACTS

On April, 15, 2019, C.J.H.'s vice principal found C.J.H. with marijuana and contraband paraphernalia in her purse while on school property.  The State charged C.J.H. with violation of the Uniform Controlled Substances Act, specifically RCW 69.50.4014, possession of marijuana 40 grams or less.

---

[1] We stayed this case by order on July 29, 2020.  We now order the stay lifted.

C.J.H. moved to suppress the marijuana and contraband paraphernalia removed from her purse. The juvenile court denied the motion to suppress and issued oral findings of fact and conclusions of law.

After the juvenile court denied the motion to suppress, C.J.H. agreed to a stipulated trial. On June 27, 2019, the juvenile court found C.J.H. guilty of possession of marijuana 40 grams or less and sentenced her to 12 months community supervision and 5 days work crew. The juvenile court made an oral ruling, but did not enter written findings of fact and conclusions of law. On July 2, 2019, C.J.H. filed a notice of appeal.

On January 3, 2020, C.J.H. filed her opening brief with this court. C.J.H's only issue on appeal is that the juvenile court failed to enter written findings of fact and conclusions of law after receiving a timely notice of appeal. C.J.H. requested that we remand her case to the juvenile court to issue written findings of fact and conclusions of law or, in the alternative, dismiss her conviction.

On February 19, 2020, the juvenile court entered written findings of fact and conclusions of law for both its denial of the motion to suppress and its finding of guilt on the charge of possession of marijuana 40 grams or less.

On March 12, 2020, the State conceded that the juvenile court erred in failing to comply with JuCR 7.11(d) because it failed to enter written findings of fact and conclusions of law within 21 days of receiving C.J.H.'s notice of appeal. The State argued that C.J.H. was not prejudiced by the juvenile court's failure to comply with JuCR 7.11(d), and therefore, the appropriate remedy is to remand with instructions to enter written findings of fact and conclusions of law.

We stayed this case by order on July 29, 2020, pending supplemental briefing based on the trial court's subsequent entry of written findings of fact and conclusions of law. Appellant's counsel notified the court that counsel has "reviewed the entered findings and conclusions in the

context of all possible issues on appeal. I find no additional issues and thus will not be filing any additional briefing." Letter from Lisa E. Tabbut, Appellant's Attorney, to Derek Byrne, Clerk of Court, Wash. Court of Appeals, Div. II (Sept. 17, 2020), *State v. C.J.H.*, No. 53765-5-II.

## ANALYSIS

C.J.H. argues that the juvenile court did not comply with JuCR 7.11(d) by failing to enter written findings of fact and conclusions of law after receiving her notice of appeal. The juvenile court has now entered written findings of fact and conclusions of law in compliance with JuCR 7.11(d); therefore, C.J.H.'s appeal is moot. Accordingly, we dismiss this appeal.

JuCR 7.11(d) requires:

> Written Findings and Conclusions on Appeal. The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. *The findings and conclusions may be entered after the notice of appeal is filed.* The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

(boldface omitted) (emphasis added). The plain language of JuCR 7.11(d) does not require the juvenile court to enter written findings of fact and conclusions of law within any time period. The alleged 21 day requirement that C.J.H. relies on for her appeal and the State relies on for its concession is not a requirement imposed on the juvenile court. Rather, JuCR 7.11(d) only requires the juvenile court to enter the written findings of fact and conclusions of law in a case that is appealed and allows the juvenile court to enter such written findings of fact and conclusions of law after the notice of appeal is filed. The juvenile court did that here.

A case is basically moot if the court cannot provide the relief originally sought or can no longer provide effective relief. *State v. Cruz*, 189 Wn.2d 588, 597, 404 P.3d 70 (2017); *In re Det. of Nelson*, 2 Wn. App. 2d 621, 628, 411 P.3d 412, *review denied*, 190 Wn.2d 1029 (2018);

*Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 622, 45 P.3d 627 (2002). Generally, a moot case will be dismissed. *Cruz*, 189 Wn.2d at 597.

Here, C.J.H.'s only issue on appeal is that the juvenile court failed to enter written findings of fact and conclusions of law under JuCR 7.11(d), and she requested a remand of her case to the juvenile court for entry of written findings of fact and conclusions of law. Because the juvenile court has entered written findings of fact and conclusions of law, we can no longer provide C.J.H. effective relief because C.J.H. has obtained the relief sought. Thus, this appeal is moot.

C.J.H. relies on *State v. Witherspoon*, 60 Wn. App. 569, 571, 805 P.2d 248 (1991), to support her alternative argument for dismissal of her conviction. In *Witherspoon*, the trial court never entered findings of fact and conclusions of law after receiving the appellant's notice of appeal. 60 Wn. App. at 571. On appeal, the court acknowledged that remand may be the appropriate remedy in some cases, but concluded that Witherspoon would suffer obvious prejudice if the court remanded. *Id.* at 572. The court articulated two reasons to support its conclusion that the appellant would suffer "obvious prejudice by remand." *Id.* First, there is an appearance of unfairness by allowing findings of fact and conclusions of law to be entered after the appellant has framed the issues in heropening brief. *Id.* Second, if the appellant is in custody, the undue delay created by remand creates "real prejudice" to the appellant that "is not due to any fault of [the appellant] or [her] counsel" because she will be held in custody longer. *Id.* Accordingly, the court reversed and dismissed the case. *Id.*

*Witherspoon* is distinguishable. The trial court in *Witherspoon* never entered written findings of fact and conclusions of law. Here, the juvenile court has entered written findings of fact and conclusions of law, which is the relief C.J.H. sought. Additionally, the appearance of unfairness issue addressed in *Witherspoon* is not present here because the only issue C.J.H. raised

on appeal is that the juvenile court failed to comply with JuCR 7.11(d) when it did not enter written findings of fact and conclusions of law.  Finally, there is no prejudice because, unlike Witherspoon who was detained throughout the entire appellate process, C.J.H. was sentenced to community supervision and is not being detained during the appellate process.

Here, because the juvenile court has entered written findings of fact and conclusions of law and C.J.H. has obtained the relief requested, the appeal is moot.  Accordingly, we dismiss C.J.H.'s appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Maxa, J.