[No. 49601-3. En Banc. October 20, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSE R. BAEZA, *Petitioner.*

*Michael D. Aiken* and *C. E. Hormel,* for petitioner.

*Paul A. Klasen, Prosecuting Attorney,* for respondent.

STAFFORD, J.—Petitioner Jose Baeza challenges the sufficiency of the evidence to support his conviction for the theft of livestock. He also contends certain statements made by the prosecuting attorney during closing argument amounted to prosecutorial misconduct. After considering the evidence most favorable to the State, we conclude there was not sufficient evidence to support the conviction. Consequently, we need not address the question of prosecutorial misconduct.

Petitioner's challenge to the sufficiency of the evidence has been raised for the first time on appeal. Nevertheless, due process requires the State to prove its case beyond a reasonable doubt, thus, sufficiency of the evidence is a question of constitutional magnitude. *Jackson v. Virginia,* 443 U.S. 307, 316, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). A constitutional claim may be raised initially on appeal. RAP 2.5(a)(3); *State v. Regan,* 97 Wn.2d 47, 50, 640 P.2d 725 (1982); *State v. Theroff,* 95 Wn.2d 385, 391, 622 P.2d 1240 (1980). In order to determine whether petitioner's conviction was based on sufficient evidence, we must view the evidence in a light most favorable to the prosecution. *Jackson v. Virginia, supra; State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

On June 17, 1981, at approximately 9 p.m., Frank Sparks

was driving westbound on State Highway 26, toward Royal City, Washington. As he turned north onto Dodson Road he noted some cattle outside their pasture, standing near the road. He also saw a tan Chevrolet pickup truck following a green and white Dodge pickup. Both vehicles proceeded south past Sparks, pulled off the road, and parked near the cattle. Sparks observed some of the occupants get out of the trucks. At this point he turned around and followed the pickups, reaching speeds of 75 to 80 miles per hour. Although he lost the Dodge, he did obtain the license number of the tan Chevrolet. Shortly thereafter, Sparks again saw the green and white Dodge as it was being backed into a shop building on a nearby farmstead. Sparks testified that the tailgate appeared to be dropped and he saw what appeared to be a rope hanging in the shop. He did not know who owned the green and white Dodge pickup, however, and was unable to identify any of its occupants.

Sparks drove to his brother's home to call Stan Clabo, who he believed to be the owner of the cattle. Clabo informed him the owner was Larry Stewart so Sparks called Stewart and the sheriff's department.

Later that evening, Deputy Sheriff Carlson, Stewart, and Sparks went to the farmstead in Carlson's patrol car. Sparks testified that they arrived around 10:30 or 11 p.m. whereas Carlson set their arrival time as shortly after 10 p.m. Carlson parked in front of the shop building and discovered a freshly butchered calf hanging by a rope from the rafters. The tan Chevrolet earlier observed by Sparks on Dodson Road was parked by the shop with the keys in the ignition. The green and white Dodge was not present, however.

Sparks testified that three persons were standing in the doorway of the shop. Carlson estimated that originally five or six individuals were standing by the shop and in the yard, although at least two disappeared. He arrested two men at the shop, one man sleeping in a car and one sleeping in the basement of the farmhouse.

About 5 minutes after Carlson arrived, he saw petitioner driving a green and white Dodge past the farmstead. Carlson testified that the Dodge truck accelerated from a speed of 15 or 20 miles per hour to 30 or 35 miles per hour as it passed near the patrol car. At trial petitioner was identified as the registered owner of the vehicle.

Other testimony established that the tan Chevrolet was a ranch vehicle assigned to petitioner's father, the orchard manager, who had been in Royal City on the evening of the theft. He testified that about 13 people were employed at the orchard, in addition to petitioner and himself.

Earlier that evening at about 7 p.m., Stan Clabo had recognized petitioner as they drove past each other on Highway 26. At that time, petitioner was traveling east, near Dodson Road, driving a pickup that resembled neither the tan Chevrolet found at the farmstead nor the green and white Dodge.

Based essentially on the foregoing facts the jury found petitioner guilty of the theft of livestock.

█ To satisfy due process requirements the State must prove, beyond a reasonable doubt, every fact necessary to constitute the crime charged. *Jackson v. Virginia, supra.* In evaluating petitioner's claim, the reviewing court must not attempt to determine whether it believes the State has met the burden of proof. *State v. Green, supra* at 221. Rather, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of [theft of livestock] beyond a reasonable doubt". *Jackson v. Virginia, supra* at 319; *State v. Green, supra.*

Theft of livestock is defined in RCW 9A.56.080 as:

> Every person who, without lawful authority and with intent to deprive or defraud the owner thereof, wilfully takes, leads, or transports away, conceals, withholds, slaughters, or otherwise appropriates to his own use any horse, mule, cow, heifer, bull, steer, swine, or sheep shall be guilty of theft of livestock.

At best, the State's evidence placed petitioner in the

general vicinity of the crime. No witness, however, identified him until he drove by the shop building at least an hour after Sparks observed the cattle and two pickups on Dodson Road. Petitioner's alleged connection with the crime rests solely on an identification of his green and white Dodge pickup.

The fact that he may have owned the green and white Dodge pickup does not establish guilt beyond a reasonable doubt. No one identified petitioner as having been on Dodson Road when the theft apparently occurred, at the shop building when the calf was delivered, or later, when the calf was discovered. Further, the State offered no proof that petitioner had masterminded or even aided the theft in some way.

No rational trier of fact could have found the State proved beyond a reasonable doubt that petitioner acted with an intent to deprive or defraud the owner of the slaughtered animal or that he willfully took or slaughtered or appropriated the animal to his own use. Consequently, there is no proof petitioner committed the crime charged. We therefore reverse the conviction and dismiss the case.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied January 9, 1984.