[No. 61867-4.   En Banc.   November 2, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID A. ALVAREZ, *Petitioner*.

2

*Douglas J. Ende* and *Suzanne Lee Elliott* of *Washington Appellate Defender Association*; and *Nielsen & Acosta,* by *Eric J. Nielsen,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Michael J. Lang* and *Theresa L. Fricke, Deputies,* for respondent.

SMITH, J. — Appellant David A. Alvarez seeks review of a decision of the Court of Appeals, Division I, affirming a King County Superior Court (Juvenile Department) find-

4

ing of "guilty" of harassment in violation of RCW 9A.46.020 and "guilty" of cruelty to animals in violation of former RCW 16.52.070, and remanding to that court a finding of "guilty" of harassment in violation of RCW 9A.46.020 for entry of findings of ultimate facts. We granted review. We affirm.

## QUESTIONS PRESENTED

The questions presented in this case are (1) whether the court of appeals erred in holding that a conviction for harassment under the Anti-Harassment Act of 1985 can be based upon a single act; (2) whether the court of appeals erred in remanding Appellant's conviction of "guilty" of harassment to the trial court for entry of findings of ultimate facts; and (3) whether the remand violated state and federal constitutional prohibitions against double jeopardy.

## STATEMENT OF FACTS

On December 7, 1990, Appellant David A. Alvarez was charged by information in two cases in the King County Juvenile Court. Case one, cause number 91-8-01699-4, charged him with three counts of cruelty to animals in violation of RCW 16.52.070 and one count of harassment in violation of RCW 9A.46.020 under the Anti-Harassment Act of 1985. Case two, cause number 91-8-02659-1, charged him with one count of harassment in violation of RCW 9A.46.020.

Count I of the information in case one charged Appellant with the offense of cruelty to animals:

That the respondent David A. Alvarez, in King County, Washington, on or about 7 December 1990, did torture, torment, cruelly beat, mutilate or cruelly kill an animal, to-wit: a pigeon;

Contrary to RCW 16.52.070, and against the peace and dignity of the state of Washington.[1]

Count IV of the information in case one charged Appellant with the offense of harassment:

That the respondent David A. Alvarez, in King County, Washington, on or about 7 December 1990, did, *without lawful authority, knowingly threaten to cause bodily injury in the future to Pam Koenig,* or any other person, *or to cause physical damage to the property of Pam Koenig,* and the *respondent by words or conduct placed Pam Koenig in reasonable fear that the threat would be carried out*;

Contrary to RCW 9A.46.020, and against the peace and dignity of the state of Washington.

(Emphasis added.)

The information in case two also charged Appellant with the offense of harassment:

That the respondent David A. Alvarez, in King County, Washington, on or about 27 March 1991, did, *without lawful authority, knowingly threaten David Paul to cause bodily injury in the future to David Paul* or any other person or to cause physical damage to the property of David Paul the person threatened or maliciously to do any other act which is intended to substantially harm or another with respect to his or her physical or mental health or safety and *the respondent by words or conduct placed David Paul in reasonable fear that the threat would be carried out*;

Contrary to RCW 9A.46.020, and against the peace and dignity of the state of Washington.

(Emphasis added.)

On July 29, 1991 and on July 30, 1991, the Honorable Faith Enyeart Ireland, sitting in juvenile court, held a fact-finding hearing in both cases and a disposition hearing on October 2, 1991. In case one, Judge Enyeart Ireland

---

[1]Counts II and III in identical language charged Appellant Alvarez with cruelty to animals committed on January 12, 1991.

found Appellant Alvarez "guilty" of one count of harassment and "guilty" of two counts of cruelty to animals. In case two, the court found Appellant "guilty" of one count of harassment.

On January 16, 1992, Judge Enyeart Ireland entered findings of fact and conclusions of law for case one which charged three counts of cruelty to animals and one count of harassment, and provided in relevant part:

### Findings of Fact

. . . .

### II.

Pam Koenig has lived next door to the Alvarez family in Seattle, King County, for five years. The respondent has lived next door during that time.

### III.

Koenig was home on 7 December 1990 when she saw respondent in his yard. She was in her bedroom on the second floor of her house, about 25 - 30 feet away from respondent. There is a 6 - 7 foot fence between their properties.

### IV.

Koenig stated that she saw the respondent go into a pigeon coop, remove a bird, throw the bird down to the ground and then beat it with a shovel. She said she saw the bird convulsing.

### V.

Koenig stated that she said to respondent, "That's a start." The respondent replied, "Shut up bitch or I'll take you out too." The respondent lifted up the headless body of the pigeon and held it up as he was making his comment to her. Respondent did not advance toward her when making his statement.

### VI.

Koenig was extremely fearful because she says she believed

he would carry out his threat. She believed this because of what she had just seen, which she described as cruelly beating a bird into the ground. She was upset and was unable to return to work.

. . . .

## XV.

Respondent said that on the day when Koenig saw him, he broke one pigeon's neck and then cut its' [*sic*] head off when he saw it was still moving.

### Conclusions of Law

. . . .

## II.

The court finds the respondent not guilty as to Count I, Cruelty to Animals.

## III.

As to Counts II and III, respondent's actions were not done under the prescribed methods of killing a pigeon. His actions were vindictive and angry. He killed the birds in a deliberate and cruel fashion.

## IV.

The court believes Koenig about what respondent said to her. The meaning of those words is plain. They were spoken under circumstances which made it a threat of bodily harm.

## V.

The offense of Harassment has been proven beyond a reasonable doubt.

. . . .

## VII.

The court finds the respondent guilty of one count of Harassment and guilty of two counts of Cruelty to Animals.

On December 16, 1992, Judge Enyeart Ireland entered findings of fact and conclusions of law in case two on one count of harassment, which provided in relevant part:

### Findings of Fact

#### I.

The respondent, David A. Alvarez, was born on 1 February 1974. He was 17 years old at the time of this hearing.

#### II.

David C. Paul is a special education teacher at Shorecrest High School in Seattle, King County. He teaches in a behavior disorder classroom. He has known the respondent for two years at the school since respondent has been a student of his.

. . . .

#### V.

As Paul spoke with respondent's father on the phone, he heard respondent making statements as respondent was leaving the office. He heard respondent say something about putting Drano in Paul's drink.

#### VI.

Paul saw respondent go to his seat in the classroom and continue what Paul considered to be a tirade. Paul heard respondent mention dynamite. He also heard respondent mention burning Paul's house down.

#### VII.

Paul was *agitated and concerned*. He locked up his lawnmower gasoline at his house as a precaution. He stated that he usually keeps the gasoline outdoors.

. . . .

#### IX.

After speaking with Hart about what had happened, Paul

did not change his opinion that he had been threatened. Paul reported these threats to the Assistant Principal.

## Conclusions of Law

. . . .

### III.

*These threats were very specific in their nature; they were very graphic. These statements could reasonably be taken very seriously by a victim.*

### IV.

These statements were taken seriously by the victim and he took steps to ensure his safety.

### V.

The offense of Harassment has been proven beyond a reasonable doubt.[2]

On May 16, 1994, the Court of Appeals, Division I, Judge Mary Kay Becker writing, affirmed the trial court's conviction in case number one which found Appellant Alvarez "guilty" of two counts of cruelty to animals, but remanded the harassment count for findings of ultimate facts on the "essential element of reasonable fear."[3] The court of appeals affirmed the trial court's conviction in case number two which found Appellant "guilty" of one count of harassment. On November 2, 1994, this court granted Appellant's petition for review.

## DISCUSSION

The State first asserts that Appellant Alvarez' appeal should be rejected because he did not object to the trial court's findings of fact and conclusions of law nor as-

[2](Emphasis added.) Clerk's Papers at 11-16.

[3]*State v. Alvarez*, 74 Wn. App. 250, 264, 872 P.2d 1123 (1994).

sign error to them under RAP 10.3(g). This argument has no merit. Appellant Alvarez only contends the findings of fact do not contain ultimate facts sufficient to support his conviction. "[S]ufficiency of the evidence is a question of constitutional magnitude and can be raised initially on appeal."[4] The court of appeals accepted review on this issue because it "will likely recur."[5]

Appellant claims the State did not prove the elements necessary to convict him of harassment under the Anti-Harassment Act of 1985. He asserts that because he did not *repeatedly* invade his victim's privacy or engage in any "pattern of harassment," his conduct was not intended by the Legislature to be made criminal under the anti-harassment act.

Appellant Alvarez was charged with harassment and convicted under the Anti-Harassment Act of 1985. RCW 9A.46.020 under the act provides:

(1) A person is guilty of harassment if:

(a) Without lawful authority, the person knowingly threatens:

(i) To cause bodily injury in the future to the person threatened or to any other person; or

(ii) To cause physical damage to the property of a person other than the actor; or

(iii) To subject the person threatened or any other person to physical confinement or restraint; or

(iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and

(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out.

---

[4]*City of Seattle v. Slack*, 113 Wn.2d 850, 859, 784 P.2d 494 (1989) (citing *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983)).

[5]*State v. Alvarez*, 74 Wn. App. at 255.

The State contends the trial court properly convicted Appellant of harassment under the Anti-Harassment Act of 1985. However, Appellant argues RCW 9A.46.020 must be read with the legislative finding under RCW 9A.46.010, which reads:

> The legislature finds that the prevention of serious, personal harassment is an important government objective. Toward that end, this chapter is aimed at making unlawful the *repeated invasions of a person's privacy* by acts and threats which show *a pattern of harassment* designed to coerce, intimidate, or humiliate the victim.
>
> The legislature further finds that the protection of such persons from harassment can be accomplished without infringing on constitutionally protected speech or activity.

(Emphasis added.)

" 'This court has the ultimate authority to determine the meaning and purpose of a statute.' "[6] In interpreting statutory provisions, "[t]he fundamental objective . . . is to ascertain and carry out the intent of the Legislature."[7] It is evident that "if a statute is unambiguous, its meaning must be derived from its actual language. 'If the language is not ambiguous, there is no need for judicial interpretation. Words are given the meaning provided by the statute or, in the absence of specific definition, their ordinary meaning.' (Citation omitted.)".[8]

The language of RCW 9A.46.020 is unambiguous. There is no need for judicial interpretation beyond its plain language. RCW 9A.46.020 provides the necessary elements for the offense of harassment. Appellant is not

---

[6]*State v. Hansen*, 122 Wn.2d 712, 717, 862 P.2d 117 (1993) (quoting *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992)).

[7](Citation omitted.) *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347, 804 P.2d 24 (1991).

[8]*State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991) (quoting *State v. Standifer*, 110 Wn.2d 90, 92, 750 P.2d 258 (1988)); *see also Hines v. Data Line Sys., Inc.*, 114 Wn.2d 127, 143, 787 P.2d 8 (1990); *State v. Keeney*, 112 Wn.2d 140, 142, 769 P.2d 295 (1989); *State v. Newkirk*, 122 Wn.2d 174, 857 P.2d 1030 (1993).

correct in asserting the State should have proved he repeatedly invaded his victim's privacy or engaged in a "pattern of harassment." The statute does not require a showing of "repeated invasions of a person's privacy" or a "pattern of harassment." In reaching this conclusion, we consider the intent of the Legislature in enacting the anti-harassment act,[9] but do not consider the legislative finding under RCW 9A.46.010 an element of the offense under RCW 9A.46.020.

In 1985 the Legislature enacted the anti-harassment act as "part of a multifaceted remedial scheme . . . to protect citizens from harmful harassing behavior."[10] Although the legislative finding in RCW 9A.46.010 indicates the Legislature intended to make criminal "repeated invasions of a person's privacy" by acts and threats showing a "pattern of harassment," this does not lead to a conclusion that a single act of harassment may not be charged under the act. Harassment is defined under RCW 9A.46.020. Nothing in that section indicates a legislative intent to criminalize only invasion of privacy by repeated acts and threats showing a pattern of harassment.

Appellant Alvarez was charged in two separate cases with harassment. In both cases he was found "guilty" upon evidence that he committed acts of "serious, personal harassment." We must now determine whether he can be found "guilty" under the anti-harassment act if he did not engage in "repeated invasions of privacy" by acts or threats showing a "pattern of harassment."

The statute is designed to prevent the type of conduct exhibited by Appellant Alvarez. Any person may be convicted of harassment if all the elements of the offense are satisfied. Those elements stated in RCW 9A.46.020 do not include "repeated invasions of privacy" nor a "pattern of harassment." Appellant Alvarez' behavior satisfied all elements of the offense of harassment. He was properly

---

[9]The Anti-Harassment Act of 1985 was originally sponsored by the Committee on the Judiciary as Senate Bill 3012.

[10]Smith, 117 Wn.2d at 263.

found "guilty" on the two separate charges of harassment. The court of appeals correctly concluded that RCW 9A.46.020 was the "operative" or controlling section which defines the necessary elements of the crime of harassment and prescribes the penalties. The court of appeals thus correctly concluded that one act of harassment is sufficient for criminal prosecution under RCW 9A.46.020.

## Requirement of "Reasonable Fear"

Appellant Alvarez does not challenge any specific finding of fact or conclusion of law. But he claims the findings of fact and conclusions of law did not state sufficient evidence to support his conviction under the Anti-Harassment Act of 1985. Sufficiency of the evidence is a question of constitutional magnitude and can be raised initially on appeal.[11]

■■ Appellant Alvarez asserts that, even assuming the trial court was correct in convicting him under the anti-harassment act for single incidents, the State did not meet its burden to establish that his "conduct place[d] the person threatened in *reasonable fear* that the threat w[ould] be carried out."[12] The State is required to prove each element of a charged offense beyond a reasonable doubt.[13] The reasonable fear requirement is an element of the offense. Appellant Alvarez maintains the trial court's findings of fact and conclusions of law were not sufficient to support his convictions on the charged offenses and that the court of appeals improperly remanded for additional findings of fact.

In case one, the court of appeals remanded Appellant Alvarez' case to the trial court for a "finding on the es-

---

[11]*City of Seattle v. Slack,* 113 Wn.2d 850, 859, 784 P.2d 494 (1989) (citing *State v. Baeza,* 100 Wn.2d 487, 488, 670 P.2d 646 (1983)).

[12]RCW 9A.46.020. (Emphasis added.)

[13]*In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

sential element of reasonable fear . . . ."[14] It is evident from the trial record that there was sufficient evidence upon which a rational trier of fact, viewing the evidence in the light most favorable to the State, could find beyond a reasonable doubt that Appellant's threats placed Ms. Pamela Ann Koenig in reasonable fear for her safety. The testimony of Ms. Koenig established that fact.

The trial court entered finding of fact VI (on the harassment count in case one):

> Koenig was *extremely fearful* because she says she believed he would carry out his threat. She believed this because of what she had just seen, which she described as cruelly beating a bird into the ground. She was upset and was unable to return to work.

(Emphasis added.)

The court's conclusion of law IV on that harassment count states:

> The court believes Koenig about what respondent said to her. The meaning of those words is plain. They were spoken under circumstances which made it a threat of bodily harm.

The trial court entered finding of fact VII (on the harassment count in case two):

> Paul was *agitated and concerned.* He locked up his lawnmower gasoline at his house as a precaution. He stated that he usually keeps the gasoline outdoors.

(Emphasis added.)

The court's conclusions of law III and IV on the harassment count in that case state:

### III

> These threats were very specific in their nature; they were very graphic. These statements could reasonably be taken very seriously by a victim.

---

[14]*Alvarez*, 74 Wn. App. at 264.

## IV

These statements were taken seriously by the victim and he took steps to ensure his safety.

The findings of fact and conclusions of law do not state in exact words that either victim was in "reasonable fear that the threat [would] be carried out" as stated in RCW 9A.46.020 and as stated in both informations. Appellant argues that being "extremely fearful," "agitated" or "concerned" does not satisfy the element of "reasonable fear" under the anti-harassment act. He claims the evidence was not sufficient to support his conviction absent a specific finding of "reasonable fear" in the trial court's findings of fact and conclusions of law.

Appellant relies upon Juvenile Court Rule 7.11, which provides in pertinent part:

(c) **Decision on the Record.** The juvenile shall be found guilty or not guilty. *The court shall state its findings of fact and enter its decision on the record. The findings shall include the evidence relied upon by the court in reaching its decision.*

(d) **Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. *The findings shall state the ultimate facts[15] as to each element of the crime and the evidence upon which the court relied in reaching its decision.* The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

(Emphasis added.)

█ "When interpreting court rules, the court approaches the rules as though they had been drafted by the

---

[15]BLACK'S LAW DICTIONARY defines "ultimate facts" as "Issuable facts; facts essential to the right of action or matter of defense. . . Facts which are necessary to determine issues in case, as distinguished from evidentiary facts supporting them. The logical conclusions deduced from certain primary evidentiary facts. Final facts required to establish plaintiff's cause of action or defendant's defense." (Citation omitted.) BLACK'S LAW DICTIONARY 1522 (6th ed. 1990).

Legislature."[16] Thus, when interpreting JuCR 7.11, this court applies principles of statutory construction.[17] Where the language is unambiguous, there is no need for judicial interpretation beyond its plain meaning. The mandatory language of JuCR 7.11(d) is plain and unambiguous. However, since its adoption, "the three divisions of the Court of Appeals have announced different and inconsistent remedies. . . . [and] . . . Division One has announced two inconsistent remedies."[18]

In *State v. Pena*, a Division III case, Marco Pena, a juvenile, was convicted of fourth degree assault.[19] In that case, one issue addressed by the court concerned the adequacy of findings of fact under JuCR 7.11(d). The court stated:

> Adequate written findings are essential to "permit meaningful appellate review." The purpose of written findings is to allow the reviewing court to determine the basis on which the case was decided, and to review the issues raised on appeal. The findings must state the *ultimate* facts related to each element of the crime. JuCR 7.11(d); *see In re Woods*, 20 Wn.App. 515, 581 P. 2d 587 (1978).

(Citations omitted.)

The court in *Pena* determined that if the "findings . . . [were] primarily a recitation of the evidence presented at trial . . . [then the findings] [we]re operative, not ultimate facts. . . [and] d[id] not satisfy the requirements of JuCR 7.11(d)."[20] The court reversed the conviction and dismissed the charges against Appellant Pena because the findings of fact did not state "ultimate facts [that] related to each

---

[16]*State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993) (citing *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979)).

[17]*Greenwood*, 120 Wn.2d at 592 (citing *McIntyre*, 92 Wn.2d at 622; *State ex rel. Schillberg v. Everett Dist. Justice Court*, 90 Wn.2d 794, 797, 585 P.2d 1177 (1978)).

[18]*State v. Royal*, 122 Wn.2d 413, 419, 858 P.2d 259 (1993). The court in *Royal* addressed the issue of consistently late filings by the prosecuting attorney in violation of JuCR 7.11(d).

[19]65 Wn. App. 711, 712, 829 P.2d 256 (1992).

[20]*Id.* at 715.

element of the crime" and did "not satisfy the requirements of JuCR 7.11(d)."[21]

In *State v. Souza*,[22] the Court of Appeals, Division I, concluded that the trial court's "findings fail[ed] to address the statutory element . . . necessary" for the charged offense under JuCR 7.11(d). The petitioner in *Souza* argued that the court of appeals erred in remanding the case for more adequate findings of fact because it would twice place him in jeopardy for the same offense. The petitioner in *Souza* contended, as Appellant Alvarez does in this case, that the only proper remedy would be to reverse the conviction and dismiss the charges.

In *Souza*, the court of appeals remanded the case to "permit entry of additional findings" because the remand was not "done in the face of an acquittal based on evidentiary insufficiency."[23] The court further stated:

> The *State [had] not [been] relieved of its burden of proving each element of the charged offense beyond a reasonable doubt.* The defect in the court's written findings of fact and conclusions of law is not necessarily attributable to any failure on the part of the prosecution to prove its case. *The insufficiency of the findings can be cured without the introduction of any new evidence. The defect is based entirely on the trial court's failure to enter formal findings on each element of the offense charged.*[24]

(Emphasis added.)

■ It is apparent in this case that the findings of fact and conclusions of law do not meet the requirements of JuCR 7.11(d). They did not in specific words state that Appellant Alvarez by words or conduct made threats which placed his victims in "reasonable fear that the threat [would] be carried out," a necessary element of the offense of harassment as charged in the information.

---

[21](Emphasis omitted.) *Id.* at 715.

[22]60 Wn. App. 534, 537, 805 P.2d 237 (1991).

[23]*Id.* at 541.

[24]*Id.*

Appellant contends the court of appeals should have reversed the conviction and dismissed the charges. In *State v. Royal*,[25] the question before this court was "whether automatic dismissal of charges is the remedy [when the State fails]" to comply with JuCR 7.11(d). The State in that case consistently did not comply with the twenty-one-day time limit stated in the rule. In a five-to-four decision, this court concluded the petitioner was not prejudiced when the State did not comply with JuCR 7.11(d) which "mandates that the prosecutor submit written findings and conclusions within 21 days of a notice of appeal."[26] This court further held the petitioner had the burden of demonstrating to the court that he was in fact prejudiced by the State's late filing of findings of fact and conclusions of law.[27] The court in *Royal* did not resolve the conflict between the appellate divisions in *Pena* and *Souza*.

Both the majority and the dissent in *Royal* acknowledged that "dismissal need not be automatic."[28] In *Royal*, the dissent reasoned that

> The findings and conclusions themselves need not be extensive. Findings must include a statement of ultimate facts as to each element of the crime, and the elements can be taken from the information where they must be set out. Findings need not include all the evidence in the record, but "only those which establish the existence or nonexistence of determinative factual matters".[29]

■ Appellant Alvarez urges this court to follow the analysis of the Court of Appeals, Division III, in *State v. Pena*.[30] We believe the better reasoning is reflected in *State v. Souza*, 60 Wn. App. 534, and *State v. Royal*, 122 Wn.2d 413.

---

[25]122 Wn.2d 413, 416, 858 P.2d 259 (1993).

[26]*Id.* at 423.

[27]*Id.* at 423.

[28]*Id.* at 424 (Johnson, J., dissenting).

[29](Citations omitted.) *Id.* at 425-26 (Johnson, J., dissenting).

[30]65 Wn. App. 711, 829 P.2d 256 (1992).

Appellant Alvarez was not denied his right to a fair trial even though the trial court did not enter findings of *ultimate* facts. An error by the court in entering judgment without findings of fact and conclusions of law is remedied by subsequent entry of findings, conclusions, and judgment.[31] The trial court in this case did enter findings of fact and conclusions of law, but the findings did not state ultimate facts on each element of the offense required under JuCR 7.11(d). If findings of fact and conclusions of law do not state "ultimate" facts, that error can be cured by remand. The court of appeals in *Alvarez* concluded:

> The conviction in case one omits a finding on the essential element of reasonable fear, *requiring a remand* to the trial court. The finding of reasonable fear in case two is supported by the evidence, and that conviction is affirmed.[32]

(Emphasis added.)

In this case, the State was still required to prove each element of the charged offenses beyond a reasonable doubt. It is apparent from the record that the trial court's not entering findings of *ultimate* facts was not because the State had not met its burden of proof. It was instead simply the choice of words used in the findings of fact. Appellant Alvarez was found "guilty" in the King County Juvenile Court. For a finding of "guilty" there must be sufficient evidence upon every element of the charged offense. The State met its burden of proof. The Court of Appeals, Division I, was correct in remanding case one to the trial court for revision of findings to adequately state ultimate facts and in affirming Appellant's conviction of harassment because there was sufficient evidence in the record for a rational trier of fact to find the necessary element of reasonable fear. The court of appeals was similarly

---

[31]*State v. Mercy*, 55 Wn.2d 530, 532, 348 P.2d 978 (1960).

[32]*Alvarez*, 74 Wn. App. at 264.

correct in affirming Appellant's conviction of harassment in case two.

## Double Jeopardy

Appellant Alvarez claims that remanding his case for additional findings of fact violates his state and federal constitutional rights against double jeopardy.

" 'The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' "[33] Writing for the majority in *Green v. United States*,[34] Mr. Justice Black stated:

> The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

■ Appellant Alvarez is not correct in his double jeopardy assertion. He was not acquitted of the offense of harassment. The findings of fact and conclusions of law entered by the trial court on January 16, 1992, and on December 16, 1992, unequivocally state that "[t]he offense of Harassment has been proven beyond a reasonable doubt." It is evident Appellant was convicted, and not acquitted, of the crime of harassment as charged in the information.

The only purpose in remanding the matter is to allow

---

[33]*Souza*, 60 Wn. App. at 538 (citing *Burks v. United States*, 437 U.S. 1, 11, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)).

[34]355 U.S. 184, 187-88, 78 S. Ct. 221, 2 L. Ed. 2d 199, 61 A.L.R.2d 1119 (1957).

the trial court an opportunity to enter more adequate findings of fact from the evidence already heard. The court of appeals required findings of fact which absolutely determined all elements necessary for a conviction of harassment. There is thus no violation of either state or federal constitutional prohibitions against double jeopardy.

### SUMMARY AND CONCLUSIONS

The legislative history of the Anti-Harassment Act of 1985 indicates it was enacted to prevent "repeated invasions of a person's privacy" by acts and threats which show "a pattern of harassment designed to coerce, intimidate, or humiliate the victim."[35] Appellant Alvarez was found "guilty" on two separate charges of harrassment involving two different victims. The language of RCW 9A.46.020, under which Appellant was charged, does not require repeated invasions of privacy establishing a pattern of harassment. That statute unequivocally states that "[a] person who harasses another is guilty of a gross misdemeanor. . . ."[36] The King County Juvenile Court found that Appellant Alvarez did in fact harass Ms. Pamela A. Koenig and did in fact harass David C. Paul.

The court of appeals correctly concluded that one act is sufficient for conviction under the anti-harassment act.[37] The legislature stated its purpose in enacting the anti-harassment act was to make unlawful "repeated invasions of a person's privacy by acts and threats which show a pattern of harassment. . . ."[38] That does not mean, however, that a single act of harassment could not be properly charged under RCW 9A.46.020(2).

The trial court did not fully comply with JuCR 7.11(d) in its findings of fact and conclusions of law. However, the

[35]RCW 9A.46.010.

[36]RCW 9A.46.020(2).

[37]*State v. Alvarez*, 74 Wn. App 250, 257, 872 P.2d 1123 (1994).

[38]RCW 9A.46.010.

error can be remedied without prejudicing Appellant Alvarez. The Court of Appeals, Division I, properly remanded case one to the trial court for entry of findings of ultimate facts from the evidence already heard.

Appellant Alvarez incorrectly asserts that the court of appeals violated state and federal constitutional prohibitions against double jeopardy in remanding his case to the trial court for corrective entry of findings of ultimate facts. The findings of fact and conclusions of law entered by the trial court on January 16, 1992, and on December 16, 1992, state that "[t]he offense of Harassment has been proven beyond a reasonable doubt." It is evident that Appellant Alvarez was convicted of the crime of harassment, and not acquitted, as charged in the information in both cases. The only purpose in remanding to the trial court was to permit the court to enter more adequate findings of fact in case number one. There is no violation of either state or federal constitutional prohibitions against double jeopardy.

We therefore affirm the decision of the Court of Appeals, Division I, which (1) affirmed a King County Superior Court, Juvenile Department, finding of "guilty" of one count of harassment and "guilty" of two counts of cruelty to animals, and remanded for entry of ultimate findings of fact on the harassment count in case one; and (2) affirmed the finding of "guilty" of harassment in case two. We allow the superior court sixty days from entry of the mandate to accomplish entry of appropriate findings of fact and conclusions of laws upon remand under JuCR 7.11 (d). If this is not accomplished within that period, the harassment count in case one must be dismissed.

DOLLIVER, GUY, JOHNSON, and TALMADGE, JJ., and UTTER, J. Pro Tem., concur.

ALEXANDER, J. (dissenting) — I concur with the decision of the majority, insofar as it concludes that the court of appeals decision affirming the harassment conviction in

"case two" should be affirmed. I also agree with the majority's conclusion that the trial court erred in failing to make a finding on an ultimate fact in "case one" — whether Alvarez's conduct placed the alleged victim in reasonable fear that the threat would be carried out. I part company with the majority only over the remedy it fashions for the trial court's failure to adhere to the juvenile court rule requiring entry of sufficient findings and, therefore, I dissent.

In my judgment, the appropriate remedy for the juvenile court's failure to enter sufficient findings is reversal of the conviction and dismissal of the charge. That is the position that was taken by Division Three of the Court of Appeals in a similar case, *State v. Pena*, 65 Wn. App. 711, 715-16, 829 P.2d 256 (1992). In *Pena*, the court observed that JuCR 7.11(d) requires the juvenile court to enter written findings and conclusions and to state in the findings the "ultimate facts as to each element of the crime." *Pena*, 65 Wn. App. at 715. The consequence of a court's failure to adhere to this rule, that court held, is dismissal. *See also State v. Fellers*, 37 Wn. App. 613, 616, 683 P.2d 209 (1984).

The majority cites to *State v. Royal*, 122 Wn.2d 413, 858 P.2d 259 (1993) for the proposition that the defendant has the burden of demonstrating prejudice arising from the trial court's failure to timely enter findings of fact. In my opinion, *Royal* is distinguishable from the instant case in that we are here concerned with a trial court's failure to find an essential element of a crime, rather than simply the tardiness of the trial court in entering its findings. Logically, it can be said that a defendant suffers prejudice when the State is given an opportunity, long after a trial has ended, to obtain additional findings to supplement findings that seemingly acquitted the defendant. Such prejudice, in my opinion, exceeds the prejudice a defendant suffers when adequate findings are merely filed late, as was the case in *Royal*. While the prejudice in either instance does not run afoul of the double jeopardy protec-

tion of the U.S. Constitution,[39] in the latter case it is substantial nonetheless, and as a matter of state law should be sufficient to justify dismissal for noncompliance with JuCR 7.11(d).

The majority declines to adopt the *Pena* remedy for a failure to find, and instead takes the view that Division One of the Court of Appeals took in *State v. Souza*, 60 Wn. App. 534, 541, 805 P.2d 237, *review denied*, 116 Wn.2d 1026 (1991). In *Souza*, the court concluded that an appropriate remedy is a remand for entry of additional findings, provided there is sufficient evidence to support the missing finding. Like the *Pena* court, I find myself in disagreement with the result reached by the *Souza* majority. Rather, I agree with the dissenting judge in *Souza*, who stated in part:

> But how is the appellate court to know when a failure to find is an oversight, and when it accurately represents the judge's view of the evidence at the time of decision? The entry of findings and conclusions is a considered and formal judicial act vastly different from the informal oral opinion judges give at the end of a case. The prosecutor, who normally prepares the findings, has time to do a thoughtful job, and the court has time to consider whether these are the findings it indeed wishes to make. Under such circumstances, it is inappropriate for the appellate court to assume that some mere "trial error" has occurred . . . . We should not adopt a rule that allows an appellate court to go behind the findings to speculate on the reason for the absence of a finding as to an element of the crime.
>
> There is no more reason to remand to let a prosecutor urge a judge to make a finding he did not make than it would be to allow a defendant to urge the judge to delete a finding he did make. A judge's failure to find an element is more significant than a prosecutor's failure to charge an element; yet the latter mandates reversal.

*Souza*, 60 Wn. App. at 546 (Forrest, J., dissenting) (footnote omitted).

---

[39]*See Swisher v. Brady*, 438 U.S. 204, 218, 98 S. Ct. 2699, 57 L. Ed. 2d 705 (1978).

I would add another policy reason favoring strict enforcement of JuCR 7.11(d). The soundness of the policy is made manifest by the facts here. David Alvarez (d.o.b. Feb. 1, 1974) was sixteen years of age in 1990 when he was charged with violating the Anti-Harassment Act of 1985. RCW 9A.46. It is now 1995 and Alvarez is twenty-one. Despite the fact that Alvarez is no longer a juvenile, the majority remands this case to the juvenile court judge who presided at trial, with directions to enter a finding that should have been entered at the conclusion of the trial. If and when that finding is entered, Alvarez, presumably, would have the right to seek review of the sufficiency of the evidence supporting that additional finding. All of these procedures will take time, and it is difficult to predict at what point in the future this case will finally be resolved. We can, however, be certain that when it is, Alvarez will have long since ceased to be a juvenile. It simply makes little practical sense to now remand this matter to juvenile court.[40]

Findings of fact in juvenile court cases are to be entered following trial, and they should be complete. If they are not, and an ultimate fact is not found, dismissal should follow. That is good public policy in any case, but it is particularly good policy in juvenile cases for the reasons I have articulated. It is also a policy that is consistent with the rule in civil cases that the failure of the trial court to make an express finding on a material fact is deemed to be a finding against the party having the burden of proof. *Golberg v. Sanglier*, 96 Wn.2d 874, 880, 639 P.2d 1347 (1982). The State had the burden of proof here. Under the findings entered by the trial court it did not meet that

---

[40]It is apparent that there is little that the juvenile court can now do with Alvarez. Juvenile court jurisdiction is construed strictly. *State v. Bushnell*, 38 Wn. App. 809, 811, 690 P.2d 601 (1984). A juvenile offender may not be confined in a correctional institution beyond the offender's twenty-first birthday under the jurisdiction of a juvenile court. RCW 13.40.300(1). *State v. Bourgeois*, 72 Wn. App. 650, 658, 866 P.2d 43 (1994) (concluding that "the Legislature assumed that juvenile offenders would simply be released at age 21 regardless of the term of confinement imposed at disposition" and citing *State v. Furman*, 122 Wn.2d 440, 447-48, 858 P.2d 1092 (1993) as supporting that conclusion).

burden. The State should not have a second bite at the apple, five years or more after its first bite. I would reverse and dismiss the charge.

DURHAM, C.J., and MADSEN, J., concur with ALEXANDER, J.