# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73539-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN M. WASISCO (DOB: 12-26-97), | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: June 13, 2016 |
| | ) | |

Cox, J. – Following an adjudicatory hearing, the juvenile court must enter findings of fact that address all elements of the charged offense. As the State of Washington concedes, the juvenile court here failed to enter a finding that Wasisco unlawfully entered a "building." Accordingly, we vacate Wasisco's disposition for burglary in the second degree and remand for further proceedings.

The State charged Wasisco in juvenile court with one count of burglary in the second degree and one count of trafficking in stolen property in the first degree. At the adjudicatory hearing, James Neufeld, a Bellingham farmer, testified that on November 17, 2014, after returning from a weekend trip, he discovered that several items were missing from his "tool shop," including a chainsaw and some tools. The shop was located in the barnyard area of the farm.

Sixteen-year-old Matthew Coe testified that one night in November 2014, he and Wasisco, a high school friend, were driving around in Coe's truck. At

some point, Coe parked the truck in a berry field. Coe and Wasisco then walked over to a "kind of an older barn" and entered through an open door. Coe took a chainsaw and hedge trimmer. Wasisco removed miscellaneous tools and a hydraulic house jack. After putting the items in the back of the truck, Coe and Wasisco drove away.

In December 2014, Coe and Wasisco went to a pawnshop. While Wasisco waited outside, Coe and an adult acquaintance pawned the chainsaw for $150.

A Whatcom County Sheriff's detective later tracked down Coe through an online pawnshop database, and Coe gave a statement about the burglary. Wasisco denied any involvement in his statement to the detective.

At the conclusion of the adjudicatory hearing, the juvenile court found that Coe's testimony about the charged incident was credible and that Coe and Wasisco had unlawfully entered the "shed" or "shop" with the intent to commit theft. The court concluded that Wasisco was therefore guilty as charged of burglary in the second degree. The court found Wasisco not guilty of trafficking in stolen property in the first degree. The court imposed a standard-range disposition of one day of confinement, with credit for one day served, four months of community service, and 40 hours of community service.

Under JuCR 7.11(c) and (d), "the court in a juvenile adjudicatory hearing is required to enter formal findings of fact and conclusions of law as to each

-2-

element of the offense charged."[1] Wasisco contends that the juvenile court erred in failing to make an oral or written finding that the shed or shop he unlawfully entered was a "building," a statutory element of burglary in the second degree. The State properly concedes that the juvenile court's findings are deficient, and we accept the State's concession.

One element of burglary in the second degree is the unlawful entry of a "building other than a vehicle or a dwelling."[2] RCW 9A.04.110(5) defines "building":

> "Building," in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

The ordinary meaning of "building" is

> a constructed edifice designed to stand more or less permanently, covering a space of land, usu. covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure-distinguished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy.[3]

Here, the juvenile court's oral and written findings of fact and conclusions of law do not address whether the shop or shed was a building. Nor did the court's findings incorporate or refer to the appropriate statutory or ordinary

---

[1] State v. Souza, 60 Wn. App. 534, 537, 805 P.2d 237 (1991).
[2] RCW 9A.52.030(1).
[3] State v. Johnson, 132 Wn. App. 400, 408, 132 P.3d 737 (2006) (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY 292 (1971)).

definitions of "building." Consequently, the findings of fact do not meet the requirements of JuCR 7.11(d).

Where, as here, the evidence, when viewed in the light most favorable to the State, is sufficient to support the omitted findings, "the proper remedy is vacation and remand to permit the entry of further findings, if appropriate."[4] On remand, the court then determines, without permitting the State to present additional evidence, "whether the omitted finding should be entered."[5]

Citing State v. Souza, the State asserts that "[i]t was clearly the intention of the Souza court . . . that matters such as these are handled through a remand without vacating the conviction."[6] We disagree. The Souza court expressly vacated the juvenile disposition and remanded for entry of the omitted findings.[7]

Wasisco's statement of additional grounds for review consists solely of brief and conclusory allegations of error. Some of the allegations, including a challenge to Coe's testimony, involve credibility determinations that this court cannot review on appeal.[8] Several of Wasisco's allegations appear to involve

---

[4] Souza, 60 Wn. App. at 541.

[5] State v. Alvarez, 74 Wn. App. 250, 262, 872 P.2d 1123 (1994), aff'd, 128 Wn.2d 1, 904 P.2d 754 (1995).

[6] Br. of Resp. at 3.

[7] See Souza, 60 Wn. App. at 543; see also Alvarez, 74 Wn. App. at 261, ("we adhere ... to the rule that vacation and remand, not reversal, is normally the appropriate disposition when the trial court omits any determination as to an element of the crime charged").

[8] See State v. Hayes, 81 Wn. App. 425, 430, 914 P.2d 788 (1996) (appellate court defers to trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence).

No. 73539-0-I/5

matters outside the record, which this court cannot address in a direct appeal.[9]

The remaining allegations are too conclusory to permit review.[10]

We vacate the disposition order and remand for the entry of any additional findings of fact that the juvenile court deems appropriate, based solely on the evidence already presented.

_Cox, J._

WE CONCUR:

_Trickey, A.C.J._

_Appelwick, J._

---

[9] See State v. McFarland, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995).
[10] See RAP 10.10(c) (appellate court will decline to consider issues in statement of additional grounds for review if they do not "inform the court of the nature and occurrence of alleged errors").